**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIAN MOISES MUNOZ-MEJIA, | No. 20-72598 |
| Petitioner, | Agency No. A088-523-512 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of a Final Order of the
Department of Homeland Security

Submitted June 10, 2021[**]
Seattle, Washington

Before: GILMAN,[***] GOULD, and MILLER, Circuit Judges.

Christian Moises Munoz-Mejia, a native and citizen of Honduras, first

entered the United States without authorization in August 2007 and was removed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

to Honduras four months later. Munoz-Mejia then illegally reentered the United States in March 2012 and, in July 2020, the Department of Homeland Security reinstated its prior order of removal. He now petitions for review of an immigration judge's (IJ's) determination under 8 C.F.R. § 1208.31(a) that Munoz-Mejia did not have a reasonable fear of persecution or torture in Honduras and thus is not entitled to relief from the reinstated removal order.

Substantial evidence and controlling caselaw support the IJ's determination that Munoz-Mejia failed to establish a reasonable possibility of persecution in Honduras on account of a protected ground. *See Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1196 (9th Cir. 2021) (holding that the petitioner failed to establish that harm would occur on "account of" one of the five protected grounds). Munoz-Mejia alleges two protected grounds: religion and membership in the group defined as "young Honduran males who resist gang recruitment."

As for religion, the record does not support Munoz-Mejia's argument that he has demonstrated a reasonable possibility of persecution because of his Christian faith. Although members of a gang insulted Munoz-Mejia's faith, they did so only *after* they asked him to join them. The gang members, moreover, did not ever harm or threaten to harm Munoz-Mejia.

As to Munoz-Mejia's broadly defined social group, "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang

members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir. 2008) (holding that "young men in El Salvador resisting gang violence" did not constitute a social group because the group was too loosely defined to meet the particularity requirement and because it lacked social visibility), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

Munoz-Mejia attempts to differentiate his case from controlling caselaw by arguing that the gangs in his case were particularly "persisten[t]" in their desire to recruit him. Such an observation, however, is immaterial because Munoz-Mejia fails to link the persistence of the gangs' forceful recruitment to their motivation for recruitment. *See INS v. Elias-Zacarias,* 502 U.S. 478, 483 (1992) (explaining that because motive is "critical" to a finding of persecution, the petitioner "must provide *some* evidence of it, direct or circumstantial") (emphasis in original); *see also Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam) (noting that the petitioner must show that "persecution was or will be *on account of* his membership in such [a protected] group") (emphasis in original).

Substantial evidence and controlling caselaw also support the IJ's decision that, because Munoz-Mejia failed to "indicat[e] [that he] would be harmed by police or government," Munoz-Mejia did not demonstrate a reasonable possibility

3 20-72598

of torture in Honduras. The applicable regulations mandate that torture, for purposes of relief under the Convention Against Torture, must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 208.18(a)(1), 1208.18(a)(1). Munoz-Mejia does not argue that state actors inflicted, instigated, or consented to the harm that he experienced. He instead contends that "the police were either unable or unwilling to stop the torture he was suffering at the hands of the gang members."

Public officials indeed "acquiesce" in torture if they: "(1) have awareness of the activity (or consciously close their eyes to the fact it is going on); and (2) breach their legal responsibility to intervene to prevent the activity because they are unable or unwilling to oppose it." *Garcia–Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). But Munoz-Mejia failed to provide any specific examples of the police being alerted to and refusing to investigate gang-related reports—filed by either himself or others—and further admitted that he had never heard of police working with gangs, such as by receiving money from gangs or by refusing to arrest a gang member.

Munoz-Mejia instead claims that he heard from mothers in his neighborhood that police "don't do anything" after people file reports. Such broad allegations, however, are not sufficient for this court to reverse the IJ's determination because,

20-72598

"absent evidence of corruption or other inability or unwillingness to oppose criminal organizations[,]" "evidence that a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture." *Id.*; *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

The petition for review is therefore **DENIED,** and Munoz-Mejia's supplemental motion for a stay of removal is **DENIED** as moot.

20-72598